IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK HEARSH, | ) | |
| | ) | FILED: MAY 29, 2008 |
| Plaintiff, | ) | 08CV3100    TC |
| | ) | JUDGE HIBBLER |
| vs. | ) | MAGISTRATE JUDGE ASHMAN |
| | ) | |
| MERCANTILE ADJUSTMENT | ) | |
| BUREAU, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.   Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Mercantile Adjustment Bureau, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.  Plaintiff also alleges violation of Illinois state law.

### VENUE AND JURISDICTION

2.   This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and  28 U.S.C. §§1331, 1337 and 1367.

3.   Venue and personal jurisdiction in this District are proper because:

  a.   Defendant's collection communications were received by plaintiff within this District;

  b.   Defendant transacts business within this District.

### PARTIES

1

4. Plaintiff Mark Hearsh is an individual who resides in the Northern District of Illinois.

5. Defendant Mercantile Adjustment Bureau, LLC is a limited liability company organized under New York law with offices at 6390 Main Street, Williamsville, NY 14221.

6. Defendant Mercantile Adjustment Bureau, LLC is engaged in the business of a collection agency.

7. Defendant Mercantile Adjustment Bureau, LLC is a licensee under the Illinois Collection Agency Act.

8. Defendant Mercantile Adjustment Bureau, LLC regularly uses the mails and telephones in the conduct of its business.

9. Defendant Mercantile Adjustment Bureau, LLC does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams St., Chicago, IL 60606.

10. Defendant Mercantile Adjustment Bureau, LLC is a debt collector as defined in the FDCPA.

## FACTS

11. On or about April 15, 2008, at 9.38 a.m., plaintiff received a voicemail message as follows:

> Good morning, this message is for Mr. Mark S. Hearsh, Mr. Hearsh, Sandra McGill calling from Resurgent Capital Services pre-legal department. The reason why I'm calling is reference file 10257029. Again, its Sandra McGill, pre-legal department, 866-716-1545. Thank you.

.

12. The number 866-716-1545 is actually used by defendant Mercantile Adjustment Bureau, LLC.

13. On or about April 16, 2008, at 10.13 a.m., plaintiff received a voicemail message as follows:

> Good morning Mark Hearsh, Sandra McGill calling from Resurgent Capital pre-

>    legal department.  Please contact my office 866-716-1545.  Again the reason for my call reference file 10257029.  Again my name is Sandra McGill, pre-legal department, extension 8588.

14. The call was placed from the number 877-230-8414, which is used by defendant Mercantile Adjustment Bureau, LLC.

15. On or about April 18, 2008, at 9.23 a.m., plaintiff received a voicemail message as follows:

>    Good morning Mr. Hearsh. Sandra McGill calling once again from Resurgent pre-legal.  866-716-1545.  Again, sir, the file is 10257029.

16. The call was placed from the number 877-230-8414, which is used by defendant Mercantile Adjustment Bureau, LLC.

17. On or about May 2, 2008, at 10.59 a.m., plaintiff received a voicemail message as follows:

>    Good morning Mr. Hearsh.  Sandra McGill calling once again from Resurgent pre-legal.  866-716-1545.  And again, calling in reference to file 10257029.

18. Plaintiff was harassed by the messages and had to retain counsel to deal with them.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates paragraphs 1-18.

20. Defendant's messages violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692e(14), as well as 15 U.S.C. §1692d(6).

21. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 (M.D. Fla. July 14, 2006); *Masciarelli v. Richard J. Boudreau & Assocs., LLC,* 529 F. Supp. 2d 183  (D. Mass. 2007);  *Knoll v. IntelliRisk Management Corp*., No. 06-1211 (PAM/

JSM), 2006 U.S. Dist. LEXIS 77467 (D.Minn., Oct. 16, 2006), later opinion, 502 F. Supp. 2d 943 (D.Minn. 2007); *Costa v. National Action Financial Services,* No. CIV. S-05-2084 FCD/KJM, 2007 U.S. Dist. LEXIS 93230 (E.D.Cal., Dec. 19, 2007).

      22.     The messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692e(11), and 1692e(14) because:

      a.     The messages do not contain the warning required by 15 U.S.C. §1692e(11).

      b.     The messages falsely purport to come from the "pre-legal department" of Resurgent Capital Services when they in fact came from Mercantile Adjustment Bureau, LLC, the identity of which is never disclosed.

      23.     15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

      24.     Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
>      **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

>   **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

>   (1) Statutory damages;
>
>   (2) Actual damages;
>
>   (3) Attorney's fees, litigation expenses and costs of suit;
>
>   (4) Such other and further relief as the Court deems proper.

## COUNT – ILLINOIS COLLECTION AGENCY ACT

25. Plaintiff incorporates paragraphs 1-18.

26. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

27. Defendant violated the following provisions of 225 ILCS 425/9:

>   **. . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**
>
>   **(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

28. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

>   a. Compensatory and punitive damages;
>
>   b. Costs.
>
>   c. Such other and further relief as is appropriate.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

29. Plaintiff incorporates paragraphs 1-18.

30. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by placing collection calls under the name of the "Resurgent pre-legal department."

31. Defendant engaged in such conduct in the course of trade and commerce.

32. Defendant's conduct was intentionally wrongful and malicious.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a. Compensatory and punitive damages;

    b. Attorney's fees, litigation expenses, and costs.

    c. Such other and further relief as is appropriate.

s/Daniel A. Edelman<br>Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman<br>Daniel A. Edelman

T:\21447\Pleading\Complaint_Pleading.WPD

## **NOTICE OF LIEN**

   Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

              s/Daniel A. Edelman
              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)